UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20957-CIV-GRAHAM/O'SULLIVAN

LARRY FAIN,

    Plaintiff,

vs .

RAYMOND JEAN-PHILIPPE,
AMERICAN UNION HOLDINGS, INC.,
AMERICAN UNION FOUNDATION, INC.,
AMERICAN UNION CHAMBER OF
COMMERCE, INC., AMERICAN UNION
INSURANCE COMPANY, INC.,

    Defendants.

_____/

## ORDER VACATING CLERK'S DEFAULT AS TO DEFENDANT JEAN-PHILIPPE

THIS MATTER is before the Court on the Court's Order Setting Status Hearing (DE# 29, 9/21/06). Having heard from the parties and reviewed the applicable filings and law, it is

ORDERED AND ADJUDGED that the Clerk's Default against American Union Holdings, Inc., American Union Foundation, Inc., American Union Chamber of Commerce, Inc. and American Union Insurance Company, Inc. ("corporate defendants") shall remain in effect. The corporate defendants are artificial entities and, as such, are not permitted to appear *pro se.* It is a well-settled principle of law that a corporation cannot appear *pro se* and must be represented by counsel . See Palazzo v. Gulf Oil Corp., 764 F.2d 1381 , 1385-86 (11th Cir. 1985 ), cert. denied, 474 U.S. 1058 (1986);

<u>Nat'l Independent Theater Exhibitors, Inc. v. Buena Vista Distribution Co.</u>, 748 F.2d 602, 609 (11th Cir. 1985), <u>cert. denied</u>, 471 U.S. 1056 (1985). To date, the corporate defendants have failed to retain counsel. Accordingly, the Court will not vacate the Clerk's Default as to the corporate defendants.  It is further

ORDERED AND ADJUDGED that the Clerk's Default against defendant Jean-Philippe (DE # 27, 9/15/06) is hereby **VACATED**.  Defendant Jean-Philippe shall file his response to the Complaint on or before **Thursday, October 19, 2006**.

An entry of default may be set aside by the Court if a showing of "good cause" is made.  Fed. R. Civ. P. 55(c).  As a general matter, the federal courts prefer that cases be heard on the merits and disfavor resorting to sanctions that deprive a litigant of his or her day in court.  See <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985).

Because judgment has not been entered, the trial court has the discretion to set aside the entry of default.  See <u>Jones v. Harrell</u>, 858 F.2d 667, 669 (11th Cir. 1990). "For good cause shown the court may set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).  This "good cause" standard is "mutable . . ., varying from situation to situation.  It is also a liberal one - - but not so elastic as to be devoid of substance." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citation and internal quotation marks omitted). Some factors relevant to this determination are "whether the default was culpable or willful, whether setting it aside would prejudice the adversary and whether the defaulting party presents a meritorious defense." <u>Compania Interamericana</u>, 88 F.3d at 951.  Other relevant factors include "whether the defaulting party acted promptly to correct the default" or "display[ed] either an intentional or reckless disregard for the judicial

proceedings . . . ." Compania Interamericana, 88 F.3d at 951.

On April 12, 2006, Plaintiff filed a Complaint alleging overtime and minimum wage violations under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-216, against Defendants. (DE# 1, 4/12/06). On June 16, 2006, Plaintiff filed with the Court Verified Returns of Service for each Defendant showing a service date of May 17, 2006. (DE# 13-17, 6/16/06).

On June 30, 2006, the Court entered an Order allowing Defendant Jean-Philippe up to and including July 19, 2006 to file a response to the Complaint. (DE# 21, 7/3/06). On July 15, 2006, Defendant Jean-Philippe wrote a letter to the Court attaching documents which he claimed refuted Plaintiff's claims. (DE# 22, 7/17/06). This letter was filed with the Court on July 17, 2006. On July 18, 2006, Plaintiff filed a Motion for Default by the Clerk. (DE#23, 7/18/06). On September 14, 2006, the Court granted Plaintiff's Motion for Default and entered an Order directing the Clerk to enter default against Defendants for failure to respond to the Complaint. (DE#26, 9/14/06). The Clerk entered a default against all defendants on September 15, 2006. (DE#27, 9/15/06). On September 22, 2006, Defendant Jean-Philippe sent to Chambers a document dated September 21, 2006 entitled "Answer to the Complaint."

Upon further review of the record and considering the parties' arguments, the Court finds that Defendant Jean-Philippe has shown good cause for setting aside the Clerk's Default. Defendant Jean-Philippe's July 17, 2006 filing shows an effort to respond to the Complaint and comply with the Court's June 30, 2006 Order. Additionally, the documents attached to the July 17, 2006 filing and Defendant Jean-Philippe's arguments at the October 12, 2006 Status Hearing show that Defendant Jean-Philippe may have a meritorious defense. Accordingly, the Clerk is directed to

3

vacate the Clerk's Default entered against Defendant Jean-Philippe on September 15, 2006. The Court finds that the Answer dated September 21, 2006 is insufficient. Defendant Jean-Philippe shall have up to and including **Thursday, October 19, 2006** to file a proper answer to the Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure. It is further

ORDERED AND ADJUDGED that Plaintiff shall refrain from filing any affidavits supporting entry of judgment until thirty (30) days from the date of this Order.

DONE AND ORDERED, in Chambers at Miami, Florida, this 12th day of October, 2006.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Graham
All counsel of record

Copy mailed by Chambers to:
Mr. Raymond Jean-Philippe
1865 NE 167th Street, Apt. B
North Miami Beach, Florida 33162